Submitted on briefs September 19, affirmed as modified September
25, 1917.

## ANDERSON *v.* PHEGLEY.

### (167 Pac. 570.)

**Appeal and Error—Remand—Proceedings Below.**

1. Where, on appeal, defendant's motion to vacate decree and
permit an answer is disposed of adversely to her, the trial court
properly denied such a motion after entry of decree in conformity
to the mandate.

**Trusts—Enforcement—Supplemental Pleading—Expenses During Suit.**

2. The remedy of a defendant, who, pending a suit resulting in a
decree that property was held on a trust agreement, was compelled

without assistance to bear the expense of preserving the property, redounding to the benefit of plaintiffs, as well as such defendant, is by application to the trial court for leave to file a supplemental pleading, to the end that the expenditures may be established as a necessary and proper expense, and charged against the property, and paid as other costs and disbursements of the suit.

From Josephine: FRANK M. CALKINS, Judge.

Originally this was a suit by T. E. Anderson, T. K. Anderson, as administrator of the estate of H. A. Williamson, deceased, substituted for said deceased, and Albert Phillips, against Grant Phegley and Emma G. Robinson. From an order denying the motion of Emma G. Robinson to set aside the decree and allow an answer to be filed, she appeals. Submitted on brief under the proviso of Supreme Court Rule 18: 56 Or. 622 (117 Pac. xi). Affirmed as modified.

For appellant there was a brief over the name of *Messrs. Beach, Simon & Nelson.*

No appearance for plaintiffs-respondents.

In Banc. MR. JUSTICE BEAN delivered the opinion of the court.

1. This is an appeal by defendant, Emma G. Robinson, from an order denying a motion to vacate a decree entered in conformity with the mandate of this court issued upon rehearing. The original opinion in this case is reported in 71 Or. 331 (142 Pac. 593), and that on rehearing in 74 Or. 388 (145 Pac. 642). At page 398 of the latter opinion this court, speaking by Mr. Justice HARRIS, said:

"This court has decided the issues presented on the entire record as that record was made by the parties. Every issue raised by the pleadings, every question presented by the record, and every right asserted in the pleadings or claimed from the evidence by any of

the litigants has been decided and determined. The case as made by the record has been fully adjudicated, and this court cannot now remand the cause for the purpose of framing what would be equivalent to a new case.''

The motion to vacate the decree and permit an answer to be filed was disposed of at that time. The order of the lower court denying the same is affirmed.

2. Defendant, Emma G. Robinson, shows by a verified motion and affidavit that on account of the abandonment of the property by plaintiff Anderson, she was compelled to and did defray the expenses of the assessment work and maintenance of the properties which were the subject matter of the contracts in litigation and expended large sums of money in the preservation and protection thereof; that the property involved in this suit consists of mining claims and that under the laws of the United States of America it was necessary in order to preserve the same that considerable sums of money be spent thereon; that said claims are thirty or more in number, and that this defendant without assistance from any other parties in the cause was compelled to and did during a long period of years, bear said burden; that under the decision of the Supreme Court of the State of Oregon declaring the agreement set forth in the complaint herein to be a trust agreement, the expenditures redounded to the benefit of the plaintiffs herein as well as to this defendant, and should be charged against the property, and this defendant should be reimbursed for the same out of the first proceeds of the sale thereof.

The suit was commenced November 9, 1910, and a decree was entered on January 1, 1915, upon the mandate reissued by this court. Defendant's remedy as to this part of the motion should be to apply to the trial

court by making appropriate supplemental allegations in regard to the matter and amounts of the expenditures made during the pendency of the suit and properly serve the same. In case of issues being raised in regard thereto the same should be heard and determined to the end that if in equity reimbursement should be made for any necessary and proper expenses incurred to protect and sustain the life of the property which was the subject matter of the suit during the pendency thereof, the same may be charged against such property and paid as other costs and disbursements of the suit. The motion filed may be treated as an application to file such a supplemental pleading and leave is granted to do so; and it is so ordered. Neither party will recover costs upon this appeal.

AFFIRMED AS MODIFIED.